STURGIS, Judge
(concurring specially).
I deem it advisable to state that in support of its position appellee cites General Electric Co. v. Board of Assessors, 121 La. 116, 46 So. 122, in which Mr. Justice Provosty, speaking for the Louisiana Supreme Court, cogently states the rationale for imposition of a tax of the character here involved. That case, however, is not of compelling weight upon the issue with which we are *601 confronted because the tax there in question was levied under the authority of an act of the Louisiana Legislature (Act No. 170, p. 346, of 1898, § 1, LSA-R.S. 47:1901 et seq.) which enumerated among the property subject to taxation “all rights, credits, bonds, and securities of all kinds; promissory notes, open accounts, and other obligations and after a detailed enumeration of every kind of property, rights and credits, concluded with the following generalization :
“And all movable and immovable, corporeal and incorporeal articles or things of value, owned and held and controlled within the State of Louisiana by any person in any capacity whatsoever.”
Section 7 of said act made it the duty of the tax assessors to place upon the assessment roll all property subject to taxation and specified:
“Provided further, that in assessing mercantile firms the true intent and purpose of this act shall be held to mean, the placing of such value upon the stock in trade, all cash, whether borrowed or not, money at interest, open accounts, credits, etc., as will represent in their aggregate a fair average of the capital, both cash and credit, employed in the business of the party or parties to be assessed. And this shall apply with equal force to any person or persons representing in this State business interests that may claim a domicile elsewhere, the intent and purpose being that no nonresident, either by himself or through any agent shall transact business here without paying to the State a corresponding tax with that exacted of its own citizens; and all bills receivable, obligations or credits arising from the business done in this State are hereby declared assessable within this State, and at the business domicile of said non-resident, his agent or representative. It shall be the duty of the Assessor to examine into and to acquaint himself with the insurance carried upon the property, and in determining the value of said stock or assets the average amount of insurance carried by the assured during the twelve months preceding the date of valuation of same shall be by the assessor considered in determining the value of said property.
“Every insurance company doing business in this State shall, on or before the first day of March in each year, render to the Secretary of State a report, signed and sworn to by its president and secretary of its condition upon the preceding thirty-first day of December, which shall include a detailed statement of its assets and liabilities on that day; the amount and character of business transacted in this State, moneys received and expended during the year and such other information and in such form as he may require.”
Section 91 of the same act provided:
“The term ‘credit’ includes every claim and demand for money, labor, merchandise and other valuable things. The word ‘person’ or ‘persons,’ ‘taxpayer’ or ‘tax-payers,’ shall be held to include firms, companies, associations and corporations.”
I wish to emphasize that the Louisiana case points up the fact that Florida does not have a similar statute. It is for the legislature rather than the courts to provide revenue for the operation of state government.